**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WAEL SAMIR FALTS, | § | Case No. 24-43547-mxm13 |
| | § | Chapter No.: 13 |
| Debtor. | § | |

## OBJECTION TO DEBTOR'S MOTION TO EXTEND THE AUTOMATIC STAY

Thaddeus Coffindaffer and Jennifer Coffindaffer, as trustees of the Coffindaffer Joint Revocable Living Trust dated July 10, 2014 ("Lender") hereby files its *Objection* (the "Objection") *to Debtor's Motion to Extend the Automatic Stay* (the "Motion"). In support of the Objection, Lender respectfully represents as follows:

### FACTUAL BACKGROUND

1. On or about March 8, 2023, Debtor, Weal Falts, as borrower, and Lender executed a Promissory Note ("Note"), Deed of Trust, ("Deed of Trust"), and Warranty Deed with Vendor's Lien ("Warranty Deed").

2. As set forth in the Note, Debtor received a loan in the original principal amount of $2,660,000.00 at an annual 4.25% interest rate. The Note requires interest payments for the first 5 years, which accrue on the first day of each month, this started on June 1, 2023.

3. The Note is secured by a vendors lien and superior title retained in the Deed of Trust and Warranty Deed, from Lender to Debtor, both of which cover real property known as 19 Wyck Hill Lane, Westlake, Texas (the "Subject Property").

4. Lender is the present owner and holder of the Note.

5. On or about July 13, 2024, Debtor paid $9,420.83, the required interest payment under the Note, but has not made any other payments.

6. Accordingly, as of October 9, 2024, Debtor owes the entire principal amount of $2,660,000.00, and $33,894.83 in unpaid interest and fees.

7. Debtor also failed to insure the Subject Property. As permitted under Section C.6 of the Deed of Trust,[1] on or about August 26, 2024, Lender secured an insurance policy for the property.

8. Debtor failed to pay real estate taxes for the Subject Property. As of July, 2024, approximately $19,179.27 continues to be due and owing in property taxes.

## DEBTOR'S FIRST BANKRUPTCY

9. On November 20, 2023, Debtor filed for relief under Chapter 13 of the United States Code with this Court, the Northern District of Texas, under case number 23-43558 (the "First Bankruptcy").

10. On January 3, 2024, Debtor filed his Schedules and Summary of Assets and Liabilities. *See* Debtor's First Bankruptcy No. 7.

11. Therein, Debtor asserts that the value of Subject Property is $967,405.50. The Subject Property is not listed as Debtor's primary residence, nor is it listed as Debtor's homestead. *See* Debtor's First Bankruptcy ECF No. 20, Schedule A/B part 1, and Schedule D, p. 3, part 1.

12. On February 14, 2024, the U.S. Trustee's Office filed its *Motion to Dismiss for Failure to Obtain Timely Confirmation* (the "Motion to Dismiss") the Court granted U.S. Trustee's Motion on July 23, 2024. *See* Debtor's First Bankruptcy ECF No. 41 and No. 67.

13. On August 14, 2024, after Debtor spent nearly a year under the auspices of the Bankruptcy Court, the Court dismissed the First Bankruptcy.

---

[1] Section C(6)(c) states that if the Grantor fails to meet any requirement "Lender may obtain collateral protection insurance on behalf of the Grantor at the Grantor's expense."

## **LENDER'S FORECLOSURE EFFORTS**

14. Accordingly, on September 10, 2024, pursuant to Section 51.002 of the Texas Property Code, Lender filed an Appointment of Substitute Trustee and Notice of Substitute Trustee, in order to proceed with a foreclosure of the Deed of Trust and lien securing the payment of the Note (the "Notice"). The Notice set forth a sale date of October 1, 2024.

## **DEBTOR'S SECOND BANKRUPTCY**

15. Unsurprisingly, on September 30, 2024, Debtor filed the instant voluntary petition under Chapter 13 of the Bankruptcy Code (the "Petition").

16. On October 8, 2024, Debtor filed Motion to Extend the Automatic Stay, in tandem with a Motion to Shorten Time to Notice Hearing. *See* ECF No. 12 and 11.

17. On October 10, 2024, Debtor filed his Statement of Financial Affairs, Chapter 13 Plan, Schedules A-B: through J, with Summary of Assets and Liabilities.

## **RELIEF REQUESTED**

18. Lender objects to the continuation of the stay as it relates to Lenders efforts to foreclose on the Subject Property. To the extent the stay is continued, Lender requests that any order entered not prejudice Lender's rights to file a lift stay motion, which lender will file in short order.

## **ARGUMENT**

19. To succeed on its Motion Debtor must demonstrate by clear and convincing evidence that the filing of the later case is in good faith as to the creditors to be stayed. 11 U.S.C § 362(c)(3)(B); *See In re Jenkins*, 435 B.R. 378 (Bankr. N.D. Tex. 2010); *In re Wright.* 533 B.R. 222, 233-34 (Bankr. S.D. Tex. 2015); *In re Alvarado*, 2015 Bankr. LEXIS 3793 (Bankr. S.D. Tex. No. 4 2015)

3

78471396;2

20. Courts apply the *Charles* factors in order to determine whether Debtor has filed a case in good faith by clear and convincing evidence. *In re Charles*, 334 B.R. 207 (Bankr. S.D. Tex. 2005). *In re Jenkins*, 435 B.R. 378, 384. The two most important factors are: (1) Does the creditor against whom the extension of the stay is sought agree to the stay extension? And (2) is it likely that the debtor will obtain a discharge in the pending case?

21. Here, Lender Objects to the continuation of the stay, and (2) is it unlikely that the debtor will obtain a discharge in this matter. To obtain a chapter 13 discharge, a debtor must obtain a confirmed chapter 13 plan and must perform under that plan. These also a requirement that the debtor be able to make all payments under the plan and comply with the plan. Debtor's ability to perform under the plan is questionable –at best.

22. Debtor is not gainfully employed. Motion to extend para. 5. Debtor's asserted monthly income is**: $4.73.** *See* Schedule I. Debtor expects to supplement this income from: "Expected Income From Property Rental Property," in the amount of $12,500.00 but it is not clear what property Debtor is referencing. The property is not even on the market. Additionally, Debtor expects, "Estranged Spouse Payment For Hickory Ridge Property $3,180.00." There is no assurance these expectations will materialize.

23. As of today, Debtor's monthly income is $4.73. Payments to Lender alone exceed $9,000. Considering Debtor's living expenses, medical expenses, which have lessened, but not remain present, Debtor is unlikely to survive the financial hardship that may occur during the duration of the Plan. Motion at para. 5.

24. The subjective analysis takes into account the remaining six Charles factors. *In re Charles*, 334 B.R. at 221-23. However, this Court does not need to proceed to the remaining six

Charles factors when the first two threshold factors do not weigh towards a finding that the Debtor filed the pending case in good faith. *Id.*

## **CONCLUSION**

25. For these reasons, Lender respectfully requests that the court deny Debtor's Motion.

Dated: October 24, 2024                    Respectfully Submitted,

AKERMAN LLP

*/s/ Laura Taveras*
Laura M. Taveras, SBN: 24127243
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone:  (214) 720-4300
Facsimile:  (214) 981-9339
E-mail:     laura.taveras@akerman.com

*Attorney for Thaddeus Coffindaffer and Jennifer Coffindaffer, as Trustees of The Coffindaffer Joint Revocable Living Trust Dated July 10, 2014*

5

78471396;2