IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WAEL SAMIR FALTS, | § | Case No. 24-43547-mxm13 |
| | § | Chapter No.: 13 |
| Debtor. | § | |

### OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Thaddeus Coffindaffer and Jennifer Coffindaffer, as trustees of the Coffindaffer Joint Revocable Living Trust dated July 10, 2014 ("Lender") hereby files its *Plan Objection* (the "Objection"). In support of its Objection, Lender respectfully states as follows:

### JURISDICTION

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### FACTUAL BACKGROUND

3. On or about March 8, 2023, Debtor, Weal Falts, as borrower, and Lender executed a Promissory Note ("Note"), Deed of Trust, ("Deed of Trust"), and Warranty Deed with Vendor's Lien ("Warranty Deed").

4. As set forth in the Note, Debtor received a loan in the original principal amount of $2,660,000.00 at an annual 4.25% interest rate. The Note requires interest payments for the first 5 years, which accrue on the first day of each month, this started on June 1, 2023.

1

5. The Note is secured by a vendors lien and superior title retained in the Deed of Trust and Warranty Deed, from Lender to Debtor, both of which cover real property known as 19 Wyck Hill Lane, Westlake, Texas (the "Property").

6. Lender is the present owner and holder of the Note.

7. As set forth in greater detail in the Deed of Trust executed in connection with the Note requires that Debtor:

> "maintain all property and liability insurance coverage with respect to the Property, revenues generated by the Property, and operations on the Property that Lenders reasonably require (the "Required Insurance").

> "pay all taxes and assessments on the Property before delinquency"

> "Keep the buildings occupied as required by the Required Insurance [and]"

> "Notify the Lender of any change of address"

Deed of Trust at Section B, Guarantor's Obligation.

8. As set forth in greater detail in the Warranty Deed executed in connection with the Note:

> "The vendor's lien against and superior title to the Property are retained until each note described is fully paid according to its terms, at which time this deed will become absolute"

9. On or about July 13, 2023, Lender received Debtor's last payment, of $9,420.83, the required interest payment under the Note. Lender has not received any payments since,

10. Accordingly, as of October 9, 2024, the entire principal amount of $2,660,000.00, is owed and owing under the loan.

11. Debtor also failed to insure the Property. As permitted under Section C.6 of the Deed of Trust,[1] on or about August 26, 2024, Lender secured an insurance policy, from United Services Automobile Association, policy number USAA 005266104 81B, at a cost of $4,229.11.

12. Debtor failed to pay real estate taxes for the Property. As of July, 2024, approximately $19,179.27 continues to be due and owing in property taxes.

## DEBTOR'S FIRST BANKRUPTCY

13. On November 20, 2023, Debtor filed for relief under Chapter 13 of the United States Code with this Court, the Northern District of Texas, under case number 23-43558 (the "First Bankruptcy").

14. On January 3, 2024, Debtor filed his Schedules and Summary of Assets and Liabilities. *See* ECF No. 7.

15. On February 14, 2024, the U.S. Trustee's Office filed its *Motion to Dismiss for Failure to Obtain Timely Confirmation* (the "Motion to Dismiss") the Court granted U.S. Trustee's Motion on July 23, 2024. *See* First Bankruptcy ECF No. 41 and No. 67.

16. On August 14, 2024, after Debtor spent nearly a year under the auspices of the Bankruptcy Court, the Court dismissed the First Bankruptcy.

## LENDER'S FORECLOSURE EFFORTS

17. Accordingly, on September 10, 2024, pursuant to Section 51.002 of the Texas Property Code, Lender filed an Appointment of Substitute Trustee and Notice of Substitute Trustee, in order to proceed with a foreclosure of the Deed of Trust and lien securing the payment of the Note (the "Notice"). The Notice set forth a sale date of October 1, 2024.

---

[1] Section C(6)(c) states that if the Grantor fails to meet any requirement "Lender may obtain collateral protection insurance on behalf of the Grantor at the Grantor's expense."

79032763;1

**DEBTOR'S SECOND BANKRUPTCY**

18. Unsurprisingly, on September 30, 2024, Debtor filed the instant voluntary petition under Chapter 13 of the Bankruptcy Code (the "Petition").

19. On October 8, 2024, Debtor filed Motion to Extend the Automatic Stay, in tandem with a Motion to Shorten Time to Notice Hearing. *See* ECF No. 12 and 11.

20. On October 10, 2024, Debtor filed his Statement of Financial Affairs, Chapter 13 Plan, Schedules A-B: through J, with Summary of Assets and Liabilities with Declaration about an Individual Debtor's Schedule. *See* ECF No. 17.

21. On October 10, 2024, Debtor field, Debtor's Chapter 13 Plan, Containing a Motion for Valuation (the "Plan"). *See* ECF No. 16.

22. On October 24, 2024, Lender filed an objection to the Debtor's Motion to Extend Automatic Stay. *See* ECF No. 25.

23. The first hearing on the Debtor's Motion to Extend was scheduled for October 24, 2024. Debtor did not appear at the hearing "due to health reasons."

24. On October 28, 2024, the Court entered a Bridge Order – which noted that if Debtor failed to make first Trustee payment, before the November 6, 2024, hearing, the stay will not be in effect as to creditors. *See* ECF No. 26.

25. On October 29, 2024, Trustee filed Trustee's Motion Dismiss the Chapter 13 case for Ineligibility. *See* ECF No. 28. Lender hereby joins Trustee's Motion to Dismiss for Ineligibility.

26. On November 01, 2024, Trustee filed a motion to dismiss for Debtor's failure to make the 1st payment as required by the Bridge Order, which is set for hearing on December 19, 2024 at 8:30 a.m. *See* ECF No. 28.

27. On November 06, 2024, the Court heard Debtor's Motion to Extend the Automatic Stay.

28. On November 12, 2024, the Court entered Notice of Confirmation of Plan. *See* ECF No. 35. Debtor's Plan confirmation hearing is set for December 19, 2024.

29. On November 15, 2024, the Trustee filed a motion to dismiss for Debtor's failure to attend the 341 Meeting of creditors. *See* ECF No. 37. Lender hereby joins Trustee's Motion to Dismiss.

30. Debtor's 341-Meeting of the Creditor's was scheduled for November 11, 2024. Without notice or explanation, Debtor failed to attend the 341-Meeting of Creditors. Debtor's 341-Meeting of the Creditors was rescheduled to December 11, 2024 only 9 days before confirmation.

31. November 07, 2024, the Court entered Order granting Motion to Extend the Automatic Stay.

### The Insurance Policy

32. Debtor provided policy number 58-KB-B435-0, from State Farm Lloyds, effective as of April 12, 2024 (the "Insurance Policy"). In relevant part, the Insurance Policy states:

"Additional Interest: Mortgagee, Thaddeas Coffindaffer, Jenniffer Cofindaffer"

"By submission of this application, you agree that: (1) you had the opportunity to select an amount of Coverage A- Dwelling [$1,471,000.00] which would have made you eligible for Option ID (increased Dwelling), but chose a lesser amount [$1,176,800.00]."

"Declined Options" Home Rental.

### The Lease

33. On November 11, 2024, and not November 6, 2024, as Debtor represented to the Court, Debtor executed a residential lease in connection with the Subject Property (the "Lease").

5

79032763;1

A deposit of $15,900 was allegedly issued in connection with the Lease. Debtor redacted all information regarding the prospective tenant. The tenant is expected to move in December. Leander learned of the Lease at the Court hearing.

## THE PETITION AND PLAN

34. Debtor lists the Property as his residence. Petition at p.2.

35. Schedule A of Debtor's Petition reflect the Property as having a value of $1,821,000.00, values Lender's claim at $2,000,000, and reflects an unsecured claim, in the amount of: $179,000.00.

## ARGUMENT

### I. Debtor filed the Plan in bad faith in violation of Section 1325(a)(3),(6), (7) and fails under Sections 1325(b), 1322(b)(2), and (5), and 1325(a)(5)(B)(ii).

Chapter 13 requires a debtor both file and propose a chapter 13 plan in good faith. 11 U.S.C. §1325(a)(3),(7). The good faith requirement assures chapter 13 filers seek relief "only to accomplish the aims and objective of bankruptcy philosophy and policy." *In re Jordan*, 598 B.R. 396, 406 (Bankr. E.D. La. 2019). The absence of good faith or, "bad faith," constitutes cause to dismiss a case a bankruptcy case under section 1307. *Id.*; 11 U.S.C. § 1307(c).

The Fifth Circuit adopted the totality of the circumstances test for analyzing chapter 13's good faith requirement. *Public Fin. Corp. v. Freeman*, 712 F.2d 219, 220–21 (5th Cir. 1983). Among the factors a court examines are (1) the motivation and sincerity of the debtor in seeking chapter 13 relief; (2) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court; and (3) the extent to which secured claims are modified. *See Matter of Massey*, No. CIV. A. 94-4001, 1995 WL 529825, at *3 (E.D. La. Sept. 7, 1995); *Flygare v. Boulden*, 709 F.2d 1344, 1348 (10th Cir. 1983). Determining whether the debtor attempts to abuse the purpose, provisions, or

spirit of the bankruptcy code is a court's most fundamental consideration. *In re Jordan*, 598 B.R. at 406; *Matter of Chaffin*, 816 F.2d 1070, 1073 (5th Cir. 1983).

Here, Debtor filed the Plan in bad faith. Based on the gross omissions and misrepresentations in Debtor's schedules, Debtor's sincerity in seeking bankruptcy relief is clearly misguided. As set forth in greater detail below, the reasons evidencing Debtor's bad faith also highlight why the Plan fails under Sections 1325(b), 1322(b)(2), and (5), and 1325(a)(5)(B)(ii).

As a preliminary matter, Debtor's asserted net income is set forth on Schedule J as $10,950, part 2 q. 23. Plan payments however are only $10,000. The Plan, on its face, evidences, that the Debtor is not committing all his disposable income, as required under 1325(b), to the repayment of his debts. The Plan as currently filed is also not feasible.

Debtor's Statement of Monthly Income and Calculation of Commitment Period, Form 112-C1 represents that the Debtor is married, however, no income is allocated to the non-filing spouse. No income is allocated to the non-filing spouse in the Statement of Financial Affairs. Debtor has not made any amendments to his schedules, and did not attend the 341-Meeting of Creditors. The 341-Meeting of Creditor's will not be held until after the deadline to object to the Plan. Lender is without recourse. Debtor has failed to disclose all of his assets.

Moreover, there are material omissions, to Debtor's expenses and liabilities. Debtor does not list Lender's mortgage payments, or any upkeep on the Property on Schedule J. Moreover, Debtor asserts that he has two dependents. However, Debtor fails to set forth any expenses for these two "Dependents." In relevant part, Schedule J reflects: $0 to childcare and children's educational costs, only $100 costs to medical and dental expenses, and $0 to insurance costs, $0

to tax expenses, $0 life insurance, health insurance, vehicle insurance (despite listing a 2016 BMW on Schedule A/B). These gross omission and misrepresentations, inflate Debtor's income. Debtor's income cannot fund this Plan and Debtor will not survive the financial hardship that may occur during the duration of the Plan. As a result, the proposed Chapter 13 Plan is not feasible. Therefore, the Plan cannot be confirmed. 11 U.S.C. §1325(a)(6).

The Plan improperly modifies Lender's secured Claim. A Chapter 13 debtor cannot modify or alter a creditor's claim "secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2). The rule applies to the entirety of the first mortgagee's claim, even if the creditor is under secured. *Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 329 (1993). The favorable treatment of residential mortgages in chapter 13 was "intended to encourage the flow of capital into the home lending market." *Id*. at 332 (Stevens, J., concurring (citing *Grubbs v. Houston First American Savings Assn*., 730 F.2d 236, 245–46 (5th Cir. 1984)).

Lender's mortgage encumbers Debtor's principal residence. (*See, e.g*., ECF No. 1 at 2.) "By virtue of its mortgage contract with [Debtor]," Lender is "indisputably the holder of a claim secured by a lien on [Debtor's] home." *Nobelman*, 508 U.S. at 328. Debtor may not modify Lender's rights, but his Plan proposes to cram down Lender's Claim. Lender further objects to Debtor's valuation of Lender's Claim, and hereby, reserves all rights related to the valuation of the Property. Therefore, the Plan payments, provided by the Plan, fail to meet the full value requirement 11 U.S.C. §1325(a)(5)(B)(ii).

The Property is not properly ensured and thus the Plan as proposed does not adequately protect Lender's interest in the Property in violation of 11 U.S.C. § 1322(b)(2) and § 1322(b)(5). Debtor's insurance policy does not protect the Lender. The only additional interested parties, are: Thaddeas Coffindaffer, Jenniffer Coffindaffer, as individuals. The Property is under secured,

policy coverage is provided up and to: $1,471,000.00, which is below Debtor's own erroneous valuation assessment, of $1,821,000.00. Debtor declined additional coverage. Lastly, Debtor Declined home rental coverage; therefore, the Property may not be currently covered under the Policy.

Lender reserves the right to further supplement this Objection.

**WHEREFORE**, Lender respectfully objects to confirmation of the Plan and requests the following:

1. That confirmation of the proposed Plan be denied;
2. For such other and further relief that this Court deems just and proper.

Dated: December 4, 2024

                                                     Respectfully Submitted,

                                                    **AKERMAN LLP**

                                                   By: *Laura Taveras*
                                                        Laura Taveras, SBN 24127243
                                                        2001 Ross Avenue, Suite 360
                                                        Dallas, TX 75201
                                                        Tel. No.: (214) 720-4300
                                                        Fax No.: (214) 981-9339
                                                        E-mail: laura.taveras@akerman.com

                                                   *Attorney for Thaddeus Coffindaffer and Jennifer Coffindaffer, as trustees of the Coffindaffer Joint Revocable Living Trust dated July 10, 2014*

9